# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HERNANDEZ,<br><br>          Plaintiff,<br> vs.<br><br>RECONSTRUCT COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. C/O COUNTRYWIDE HOME LOANS, INC., and DOES 1-50, inclusive<br><br>          Defendants. | CASE NO. 08cv1899 BTM(POR)<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR MORE DEFINITE STATEMENT AS MOOT** |

  Defendants Reconstruct Company ("Reconstruct") and Countrywide Home Loans, Inc. ("Countrywide") ("Defendants"), have filed a motion to dismiss the complaint, or, in the alternative, for a more definite statement.  For the reasons discussed below, Defendants' motion to dismiss is **GRANTED** and Defendants' motion for a more definite statement is **DENIED AS MOOT**.

## I. BACKGROUND

  On September 4, 2008, Plaintiff commenced this action in the Superior Court of California, County of San Diego - North County.  On October 16, 2008, Defendants removed the action to federal court.

  Plaintiff Gabriel Hernandez is the owner of the real property located at 12132 Lilac

1  Knolls, Valley Center, California 92082. (Compl. ¶ 6.) Plaintiff alleges that Defendants are
2  proceeding toward a Trustee's sale of the Property (Compl. ¶ 5.) Plaintiff alleges, "Upon
3  information and belief, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. C/O
4  COUNTRYWIDE HOME LOANS, INC., is not the holder of the note identified in the security
5  instrument, is not in possession of the note properly endorsed to it, nor is it otherwise entitled
6  by law in this State to initiate foreclosure under the security instrument identified in Exhibit
7  1." (Compl. ¶ 7.) Plaintiff claims that Countrywide has no right to initiate foreclosure or direct
8  Reconstruct to foreclose or sell the Property. (Compl. ¶ 8.)

9       Plaintiff alleges that although his attorney demanded proof of Defendants' right to
10 proceed in foreclosure, Defendants have not offered any proof. (Compl. ¶ 10.) Plaintiff
11 further alleges that his attorney demanded a detailed accounting of the amount Defendants
12 stated must be paid to redeem the Property from foreclosure. (Compl. ¶ 11.) According to
13 Plaintiff, any response by Defendants has been so inadequate that Plaintiff has been
14 prevented from determining whether any or all of the charges included in the payoff demand
15 were justified. (Id.) Plaintiff also alleges that Defendants added costs and charges to the
16 payoff amount that were not justified and proper under the terms of the note or the law.
17 (Compl. ¶ 17.)

18      The Complaint sets forth the following causes of action: (1) unfair debt collection
19 practices; (2) predatory lending practices; and (3) RICO violations.

20
21      **II. STANDARD**

22      Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain
23 statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair
24 notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S.
25 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should
26 be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient
27 facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696,
28 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in

plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

### III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim, or, in the alternative, for a more definite statement. The Court grants Defendants' motion to dismiss because although Plaintiff generally alleges violations of certain statutes, Plaintiff fails to allege how Defendants violated the statutes and/or fails to plead sufficient facts establishing a violation.

A. Unfair Debt Collection Practices

Plaintiff alleges that Defendants have violated "provisions of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), including but not limited to Civil Code § 1788 (e) and (f), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C., Title 41, Subchap. V. §§ 1692 *et seq.* and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617." (Compl. ¶ 20.)

With respect to the FDCPA and the RESPA, Plaintiff does not specify what provision(s) of these acts Defendants violated or what Defendants did to violate the acts. To the extent Plaintiff claims that Defendants violated the RESPA, 12 U.S.C. § 2605(e), by failing to take action with respect to Plaintiff's August 29, 2008 inquiry (Ex. 1 to the Compl.), Plaintiff's claim was premature. Under § 2605(e), after a servicer of a federally related mortgage loan receives a qualified written request from the borrower for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging

receipt of the correspondence within 20 days and must take action on the request within 60 days. Plaintiff filed his Complaint on September 4, 2008, less than a week after making his inquiry.

As for Plaintiff's claim under California's Rosenthal Fair Debt Collection Practices Act, Plaintiff cites to Cal. Civ. Code § 1788 (e) and (f). The Court assumes that Plaintiff intended to cite to Cal. Civ. Code § 1788.10(e) and (f) (there is no § 1788(e) or (f)). Subsection (e) provides that no debt collector shall collect or attempt to collect a consumer debt by "the threat to any person that nonpayment of the consumer debt may result in . . . the seizure, garnishment, attachment or sale of any property . . . unless such action is in fact contemplated by the debt collector and permitted by the law." Subsection (f) prohibits the collection or attempted collection of debts by "[t]he threat to take any action against the debtor which is prohibited by this title."

The Complaint does not allege facts establishing a violation of subsections (e) and/or (f). Plaintiff contends that the foreclosure of their home is not permitted by law because Countrywide is not the holder of the note identified in the security instrument. (Compl. ¶¶ 7-8.) However, it appears that Plaintiff is just speculating that Countrywide lacks legal authority to foreclose on the Property due to an invalid assignment of rights or otherwise. Plaintiff does not provide any facts in support of his allegations and, instead, relies upon mere "information and belief." (Compl. ¶ 7.) These allegations do not raise Plaintiff's right to relief above a speculative level. To the extent that Plaintiff contends that Countrywide must possess the *original* note to initiate foreclosure proceedings, Plaintiff has not cited legal authority supporting such a dubious proposition.

Plaintiff has not stated a claim against Defendants under the FDCPA, RESPA, or the RFDCPA. Therefore, the Court grants Defendants' motion as to Plaintiff's Unfair Debt Collection Practices Act cause of action.

B. <u>Predatory Lending Practices</u>

Plaintiff alleges that Countrywide Bank, FSB, the original lender, engaged in deceptive

practices "in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained." (Compl. ¶ 23.) Plaintiff further alleges that Countrywide is "subject to defenses that would have been available against Countrywide Bank, FSB." (Compl. ¶ 22.)

Plaintiff's vague allegation of predatory lending practices is insufficient to state a claim. Plaintiff states that he does not know the "specifics" of the predatory lending practices. However, it appears that Plaintiff does not even know the broad outlines of the alleged conduct because Plaintiff does not allege any facts in support of this claim. Accordingly, the Court grants Defendants' motion to dismiss as to this claim.

C. RICO

Plaintiff alleges that Defendants violated RICO, 18 U.S.C. §§ 1961, *et seq.*, by participating in a scheme of racketeering. (Comp. ¶ 26.) Again, Plaintiff does not specify what provision of the RICO statute Defendants allegedly violated, nor do they allege the elements of a civil RICO claim – i.e., (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005).

Based on Ex. 2 to the Complaint, it appears that Plaintiff claims that Defendants are in violation of 18 U.S.C. § 1962, which provides:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Although Plaintiff makes the conclusory claim that Defendants "have participated in a scheme of racketeering," Plaintiff fails to identify the predicate acts that form the basis of the

alleged "scheme of racketeering." See <u>Izenberg v. ETS Services, LLC</u>, __ F. Supp. 2d __, 2008 WL 5179088 at *7 (C.D. Cal. Dec. 8, 2008). Similarly, there are no facts establishing collection of an "unlawful debt." An "unlawful debt" means a debt (a) incurred or contracted in gambling activity which was in violation of the law; and (b) which was incurred in connection with the business of gambling in violation of the law or the business of lending money at a usurious rate at least twice the enforceable rate. 18 U.S.C. § 1961(6). It does not appear that the debt at issue here falls within the definition of 18 U.S.C. § 1961(6). Therefore, this cause of action is dismissed for failure to state a claim.[1]

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED** and Defendants' motion for more definite statement is **DENIED AS MOOT**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Court grants Plaintiff leave to file an amended complaint addressing the deficiencies identified above. Any amended complaint must be filed within 30 days of the filing of this order. If Plaintiff does not file an amended complaint within the prescribed time, the Court shall order the Clerk to enter judgment dismissing this case without prejudice, and the case shall be closed.

**IT IS SO ORDERED.**

DATED: February 2, 2009

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] In the body of their motion papers, Defendants ask the Court to strike Plaintiff's prayer for attorney fees and treble damages. This request to strike is denied as moot in light of the dismissal of the Complaint.